In the Matter of JOHN J. BOYLE, Petitioner, *v.* VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.

Third Department, May 9, 1974.

*Joseph B. Rafter* (*M. Andrew Dwyer* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Philip J. Fitzgerald, Jean M. Coon* and *Ruth Kessler Toch* of counsel), for respondent.

STALEY, JR., J. This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles revoking petitioner's New York State operator's license.

On June 18, 1971, at about 12:50 A.M., the Chief of Police of the Town of Schodack received a radio call advising of a property damage accident on County Route 7. He arrived at the scene at about 2:50 A.M. and found a 1967 Chevrolet delivery truck off the right side of the eastbound lane. He recognized the vehicle as belonging to the Rensselaer Floor Covering Company which was owned by petitioner. There being no one at the scene of the accident, the Chief went to the Harris Inn about a quarter of a mile from the scene to inquire whether anybody there had been involved in an accident. Petitioner was at the bar and stated that he was.

At about 3:05 A.M. petitioner was arrested and charged with driving while intoxicated. When asked to take a chemical test for intoxication, petitioner refused to take the test. Petitioner admitted that he had several drinks at the bar subsequent to the accident, and had a couple of beers sometime earlier in the evening prior to the accident at another bar. The Chief testified that at the time of the arrest petitioner had an odor of alcohol on his breath; that his hair was mussed and his face flushed, but that he had no problem producing his license and registration. Petitioner testified that the accident occurred as the result of a tire blowout. The Referee determined that the Chief had reasonable grounds to believe that petitioner was driving while intoxicated and, because of petitioner's refusal to submit to a chemical test for intoxication pursuant to section 1194 of the Vehicle and Traffic Law after request and warning of the consequences of such refusal, revoked his operator's license effective February 12, 1972. Petitioner in this proceeding contends that the evidence in the record is insufficient to establish that the arresting officer had reasonable grounds to believe that

he was operating a motor vehicle while intoxicated or under the influence of alcohol. " In order to sustain a revocation of an operator's license for refusal to submit to a chemical test as provided by section 1194, it must be established that (1) the police officer who arrested the petitioner had reasonable grounds to believe petitioner was driving while intoxicated; (2) the arrest was properly made; and (3) petitioner was requested to and refused to submit to the test prescribed by statute." (*Matter of Murray* v. *Tofany,* 33 A D 2d 1080.)

The main issue in this proceeding is whether the arresting officer had reasonable grounds to believe petitioner was driving while intoxicated. On the officer's testimony, the arrest here was made two hours and 15 minutes after the accident at a bar within a quarter of a mile from the accident scene where petitioner was admittedly drinking. There is no evidence as to petitioner's condition when he entered the bar after the accident to call a tow truck, and it does not appear that the arresting officer attempted to ascertain such facts. Petitioner's appearance and the odor of alcohol on his breath at 3:05 A.M. do not, in our opinion, establish a reasonable ground to believe petitioner was driving while intoxicated at 12:50 A.M.

Petitioner's admission that he had a couple of beers earlier in the evening does not establish a reasonable ground where the arresting officer failed to question further as to the time they were consumed. The arrest here was made at most upon pure speculation on the part of the arresting officer without any foundation in fact which cannot form the basis of reasonable grounds to believe that petitioner was driving while intoxicated.

The Referee made certain relative findings inconsistent with the evidence. He found that the arrest had taken place at 2:15 A.M. while the arresting officer testified that the time of the arrest was 3:05 A.M. The Referee found that petitioner had several drinks " before the accident at the Harris Inn " and that he had been at the Brown Derby where he had two drinks, which findings are not supported by the evidence. " The proof is tenuous that the officer who made the arrest had reasonable cause to believe that petitioner had operated the vehicle whether in an intoxicated condition or otherwise * * * Such arrest was requisite, of course, as a foundation to the further demand of the officer that petitioner submit to a blood test." (*Matter of Burns* v. *Hults,* 20 A D 2d 752.) There being no reasonable grounds for the arresting officer to believe that petitioner at the time of the accident was driving while intoxicated, the revocation of petitioner's operator's license must be annulled.

The determination should be annulled, and petition granted, with costs.

SWEENEY, J. (dissenting). We dissent and vote to confirm. Concededly, petitioner was the operator of the automobile involved in an accident and was subsequently arrested at a nearby bar where he had been drinking after the accident. The record, in our view, contains ample evidence to sustain a conclusion that the officer had reasonable grounds to believe petitioner was driving while intoxicated. It is significant that petitioner's license was revoked, not for driving while intoxicated, but for refusing to submit to a chemical test as mandated by section 1194 of the Vehicle and Traffic Law. No issue is raised that the test was not requested within the time specified in the statute. Under these circumstances, it is putting the cart before the horse to permit petitioner to refuse, with impunity, the test on the ground that he had a few drinks after the accident and before the request. It also frustrates the intent of the statute. To carry out the purpose of section 1194, petitioner was obligated initially to submit to the test and thereafter to offer any proof available to negate the result of such chemical test.

The determination should be confirmed.

COOKE and KANE, JJ., concur with STALEY, JR., J.; HERLIHY, P. J., and SWEENEY, J., dissent and vote to confirm in an opinion by SWEENEY, J.

Determination annulled, and petition granted, with costs.